# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RYAN KEITH MATHISON, | ) | CASE NO. 4:18-cv-1851 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This action is before the Court on the complaint of plaintiff Ryan Keith Mathison ("Mathison") pursuant to 42 U.S.C. § 1983 against defendants United States of America ("United States"), Joshua I. Grant ("Grant"), Marty McLaughlin ("McLaughlin"), and "unknown defendants" (collectively, "defendants").[1] (Doc. No. 1 ["Compl."]). Pursuant to 42 U.S.C. § 1983, Mathison claims that defendants violated his rights under the United States Constitution by unlawfully seizing funds he obtained from the settlement of a civil lawsuit. (*Id.* ¶ 1.) For the reasons that follow, this case is DISMISSED.

### A. Background

Mathison is currently a prisoner at FCI Elkton in Lisbon, Ohio. (*Id.* ¶ 3.) Grant, McLaughlin, and the unknown defendants are Assistant United States Attorneys and, during all times relevant here, were acting within the course and scope of their employment with the United States (*Id.* ¶ 4.) Mathison's claims in this case involve the interplay among three events: (1) a

---
[1] This case was transferred to the Northern District of Ohio from the Central District of Illinois. (*See* Doc. Nos. 9

criminal conviction obtained against Mathison in the United States District Court for the Northern District of Iowa, Case No. 5:06-cr-04030 ("Criminal Case"), (2) a heart attack he experienced at FCI Pekin in Illinois while serving the sentence imposed in the Criminal Case, and (3) a civil lawsuit Mathison filed in the United States District Court for the Central District of Illinois concerning the medical treatment he received for his heart attack.

In connection with the Criminal Case, the district court judge issued a Final Order of Forfeiture against Mathison (Criminal Case Doc. No. 463) for a personal money judgment in the amount of $400,000.00 ("Forfeiture Order").[2] According to the public docket, McLaughlin was a United States Attorney of record representing the United States in the Criminal Case. Mathison claims that the Forfeiture Order is void because it was obtained in violation of the law. (*Id*. ¶¶ 9– 10.)

On August 26, 2010, Mathison experienced a heart attack while incarcerated at FCI Pekin pursuant to his conviction in the Criminal Case. (*Id*. ¶¶ 5–6.) Mathison alleges that the FCI Pekin staff did not obtain timely medical assistance, causing him to sustain permanent heart damage, and he filed a federal civil rights lawsuit in the Central District of Illinois. (*Id*. ¶¶ 6–7.) Mathison's civil lawsuit in the Central District of Illinois was resolved by written agreement ("settlement agreement") and a $50,000.00 monetary settlement ("settlement funds"), which was signed on behalf of the United States by Grant. (*See id*. ¶¶ 8–13.)

---

and 10.)

[2] The Court may take judicial notice of publicly accessible dockets because such records are generally considered not to be subject to reasonable dispute. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454 (N.D. Ohio 2012).

Mathison claims that the defendants seized the settlement funds to satisfy a portion of the allegedly void Forfeiture Order with an unlawful warrant and without due process. (*Id.* ¶¶ 11–14.) In addition to being injured by loss of his settlement funds, Mathison claims future injury because defendants could seize any money or property he receives to satisfy the allegedly void Forfeiture Order. (*Id.* ¶¶ 15–16.)

In counts 1 and 2, Mathison alleges that Grant, McLaughlin, and the unknown defendants unlawfully seized the settlement funds without due process in violation of his rights under the Fourth and Fifth Amendments of the United States Constitution and seeks compensatory damages. (*See id.* ¶¶ 17–24). In count 3, Mathison claims that the United States breached the settlement agreement by seizing the settlement funds to satisfy the Forfeiture Order and seeks compensatory damages. (*Id.* ¶¶ 25–28.) In count 4 against the United States and its agents, Mathison seeks a declaration from this Court that the Forfeiture Order, issued pursuant to 21 U.S.C. § 853, is void because § 853 cannot be used to obtain a money judgment against a defendant for property not in their possession. (*Id.* ¶¶ 29–33). And in count 5, also asserted against the United States and its agents, Mathison seeks to permanently enjoin defendants from seizing money or property pursuant to the Forfeiture Order that he may acquire in the future. (*Id.* ¶¶ 34–42).

### B. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curia,), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677–78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

## C. Analysis

Mathison's complaint is subject to dismissal on all counts.

### 1. Counts 1 and 2

#### *Mathison fails to state a § 1983 claim*

Mathison brings this action pursuant to 42 U.S.C. § 1983. (Compl. ¶ 1.) To state a claim upon which relief can be granted under § 1983, Mathison must allege that a person acting under color of state law deprived him of his rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Mathison alleges Grant, McLaughlin, and the unknown defendants are Assistant United States Attorneys and were acting within the course and scope of their employment with the United States during all times relevant to his claims. (Compl. at ¶ 4.) The Court cannot reasonably infer from Mathison's allegations that these defendants acted under color of state law. Mathison cannot bring a § 1983 claim against federal employees acting under color of federal law rather than state law. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973) (actions of the federal government and its officers and employees are exempt from the proscriptions of § 1983); *see also Ana Leon T. v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987) (per curiam) (citing *Broadway v. Block,* 694 F.2d 979, 981 (5th Cir. 1982) (actions of federal officials taken under color of federal law cannot form the basis of an action under § 1983). Mathison fails to state a § 1983 claim against Grant, McLaughlin, and the unknown defendants upon which relief can be granted.

#### *Mathison fails to state a Bivens claim*

Considering Mathison's *pro se* status, the Court will construe his complaint as claims

under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). But even construing Mathison's allegations as a *Bivens* claim, the complaint fails to state a claim upon which relief can be granted.

In *Bivens,* the Supreme Court held that federal officials may be sued individually for violating a plaintiff's constitutional rights. Principles of sovereign immunity shield the federal government and its agencies from suit without its consent, and the Supreme Court has declined to extend *Bivens* to permit such suits. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

In *Bivens*, the Supreme Court created a limited private right of action for damages against federal government officials who allegedly violate a person's constitutional rights, but there is no implied damages remedy under the Constitution itself and such implied causes of action are disfavored. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56, 198 L. Ed. 2d 290 (2017); *Iqbal*, 556 U.S. at 675. There are only three contexts in which the Supreme Court has permitted an implied damages remedy for a constitutional violation against federal officials: (1) a Fourth Amendment deprivation claim in *Bivens*; (2) a Fifth Amendment gender discrimination claim in *Davis v. Passman*, 442 U.S. 228, 248–49, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and (3) an Eighth Amendment cruel and unusual punishment claim in *Carlson v. Green*, 446 U.S. 14, 16–17, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980). The Supreme Court reemphasized in *Ziglar* that federal courts should refrain from extending *Bivens* actions beyond the three existing contexts absent certain factors. *Ziglar*, 137 S. Ct. at 1857 (expanding the *Bivens* remedy is a "disfavored activity").

Mathison's claims against Grant, McLaughlin, and the unknown defendants do not fall

within the existing contexts for which the Supreme Court has extended a *Bivens* remedy. Given the Supreme Court's decision in *Ziglar*, the Court declines to extend a *Bivens* remedy to the context of this case. But even if *Bivens* were extended to this context, Grant, McLaughlin and the unknown defendants are immune from Mathison's claims,[3] and those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

### *Counts 1 and 2 are barred by Heck*

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486; *Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998) (holding that while *Heck* concerned an action brought under § 1983, *Heck*'s holding applies equally to *Bivens* actions).

Mathison seeks money damages for what he claims was an unconstitutional seizure of the settlement funds by Grant, McLaughlin, and the unknown defendants in partial satisfaction of the Forfeiture Order. In the Forfeiture Order, Judge Mark W. Bennett determined that Mathison obtained $400,000.00 in proceeds from certain criminal offenses for which Mathison was convicted and issued a personal money judgment against him in that amount. The Forfeiture Order is part of Mathison's sentence and included in the Judgment (*see* Criminal Case Doc. No. 493).

---

[3] *See Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002).

If Mathison were to receive the relief he requests concerning seizure of the settlement funds pursuant to the Forfeiture Order, such relief would call into question the lawfulness of his sentence. *Libretti v. United States*, 516 U.S. 29, 38–39, 116 S. Ct. 356, 133 L. Ed. 2d 271 (1995) ("Forfeiture is an element of the sentence imposed following conviction[.]") (emphasis omitted); *see also McGee v. United States*, No. 1:08-cv-154, 2009 WL 909589, at *3–4 (W.D. Mich. Mar. 31, 2009) (finding that success on plaintiff's challenge to criminal forfeiture would necessarily render the forfeiture component of plaintiff's sentence invalid and is barred by *Heck* unless plaintiff has shown that his conviction and sentence have been invalidated or at least called into question by a federal court's issuance of habeas relief) (collecting cases); *Powell v. Keller*, No. 5:07CV121-MU-02, 2007 WL 4139645, at *1 (W.D.N.C. Nov. 15, 2007) (citing *Heck*, 512 U.S. 477) (finding plaintiff's claim to recover damages for forfeited property necessarily implicates the validity of the underlying conviction or sentence).

Plaintiff has not made the showing required by *Heck* to challenge seizure of the settlement funds. A petition for a writ of habeas corpus, not a *Bivens* action, is the appropriate vehicle for challenging the lawfulness of the Forfeiture Order. *See Heck*, 512 U.S. at 489.

In addition to failing to state a claim upon which relief can be granted pursuant to § 1983 and *Bivens*, counts 1 and 2 are also barred by *Heck*. Counts 1 and to are dismissed pursuant to 28 U.S.C. § 1915(e).

**2. Count 3**

Mathison brings count 3 against the United States. He alleges that the United States breached the settlement agreement by seizing the settlement funds in partial satisfaction of the Forfeiture Order and seeks money damages.

The "United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). A waiver of sovereign immunity by the federal government must be clear, express, and unambiguous. *United Liberty Life Ins. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993).

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants jurisdiction and a waives the United States' sovereign immunity for certain breach of contract claims by giving the United States Court of Federal Claims jurisdiction over those claims. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983). Mathison's claim against the United States for breach of the settlement agreement is a claim for breach of contract. *See Langkamp v. United States*, 131 Fed. Cl. 85, 88–90 (2017) (finding that a claim for breach of settlement, which resolved Federal Tort Claims Act lawsuit concerning injuries sustained while on government property, constitutes a breach of contract claim considered under the Tucker Act), *reconsideration denied*, No. 15-764C, 2018 WL 2410844 (Fed. Cl. May 3, 2018); *see also Frederico v. U.S. Dep't of Veterans' Affairs*, Case No, 2:15-cv-02253-APG-VCF, 2016 WL 9149502, at *1 (D. Nev. June 6, 2016) (finding claim for breach of written settlement agreement is a claim for breach of contract governed by the Tucker Act).

Under the Tucker Act, the Federal Court of Claims has exclusive jurisdiction over contract disputes with the United States involving more than $10,000.00. *See* 28 U.S.C. § 1346(a)(2). District courts have concurrent jurisdiction over claims not exceeding $10,000.00 *Mitchell,* 463 U.S. at 212 n.10 (citing 28 U.S.C. § 1346(a)(2)).

Mathison's breach of contract claim does not specify the amount of compensatory damages he seeks, but the Court can reasonably infer from his claims that he seeks a sum exceeding $10,000.00. This Court, therefore, lacks jurisdiction over Mathison's breach of contract claim and count 3 is dismissed.

**3. Count 4**

In count 4 asserted against the United States and its agents, Mathison seeks a declaration[4] from this Court that the Forfeiture Order is void because 21 U.S.C. § 853, which authorizes criminal forfeitures, cannot be used to obtain a money judgment against a defendant for property not in their possession.[5] (Compl. ¶ 31.) But declaratory relief is not available in federal court to attack a criminal conviction and sentence, nor is it a substitute for an appeal or petition for a writ of habeas corpus. *Forsythe v. Ohio*, 333 F.2d 678, 679 (6th Cir. 1964) (per curiam) (holding that the Declaratory Judgment Act cannot be used as a substitute for appeal or petition for a writ of habeas corpus); *see also Hill v. United States*, No. 1:17-CV-305, 2018 WL 4685451, at *2 (E.D. Tenn. Sept. 28, 2018) ("[I]t is well established in this circuit that a declaratory action cannot be used as a substitute for the statutory habeas corpus procedure.") (collecting cases).

If Mathison desires to attack the Forfeiture Order on the basis that § 853 is invalid, he cannot do so by a claim for declaratory judgment but must file an appeal or a petition for a writ

---

[4] Mathison does not cite the statutory basis for his claim for declaratory relief, which the Court will assume is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

[5] Mathison acknowledges that "several courts of appeals" have found that forfeiture under § 853 includes property not in the defendant's possession at the time of the judgment. (Compl. ¶ 32.) The Court notes that the Sixth Circuit is among the federal courts of appeal which have concluded that a personal money judgment may be entered against a defendant who has no assets at the time of sentencing. *See United States v. Hampton*, 732 F.3d 687, 691–92 (6th Cir. 2013) (collecting cases).

of habeas corpus pursuant to 28 U.S.C. § 2255. *See King v. Thoms*, 54 F. App'x 435, 437 (6th Cir. 2002) (finding that if a prisoner wishes to challenge his sentence he must file a § 2255 petition); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (finding that if a state prisoner wishes to challenge the fact and duration of his sentence his sole remedy is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254); *Edwards v. Balisok*, 520 U.S. 641, 646–48, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (extending *Heck* to actions seeking declaratory relief).

Count 4 is dismissed pursuant to § 1915(e).

### 4. Count 5

In count 5, Mathison asks this Court to permanently enjoin the United States and its agents from seizing his money or property in the future pursuant to the Forfeiture Order. This claim fails for the same reason Mathison's claim for declaratory relief fails because Mathison's request for injunctive relief attacks the validity of the forfeiture component of his sentence. *See Wilson v. Kinkela*, 145 F.3d 1335 (Table) (6th Cir. 1998) (holding in *Heck* applies whether plaintiff seeks injunctive or monetary relief); *Hill*, 2018 WL 4685451, at *1–2 (dismissing complaint for declaratory and injunctive relief with respect to the validity of plaintiff's conviction and sentence, finding that a § 2255 petition is the proper vehicle for such a challenge); *Ball v. Holmes*, No. 1:07-cv-1095, 2008 WL 4057532, at *2 (W.D. Mich. Aug. 27, 2008) (citing *Heck*) (dismissing pursuant to § 1915 a complaint for declaratory judgment and injunction regarding probable cause determination where the relief sought implicates the validity of plaintiff's conviction and he must seek relief through a writ of habeas corpus).

Count 5 is dismissed pursuant to § 1915(e).

### D. Conclusion

For all the foregoing reasons, Mathison fails to state a claim upon which relief can be granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 26, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**